STATE OF CONNECTICUT *v.* MICHAEL CHUCHELOW.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 4—decided May 17, 1944.

*Michael V. Blansfield* and *Harry M. Albert,* for the appellant (defendant).

*William B. Fitzgerald,* state's attorney, for the appellee (state).

PER CURIAM. The defendant was found guilty of the crime of rape and sentenced to imprisonment. He has appealed, assigning error in the finding of guilt and in the judgment. He admitted having sexual intercourse with the complaining witness but claimed it was with her consent. The issues presented in his brief are whether there was sufficient competent evidence to sustain the finding of guilt beyond a reasonable doubt and whether corroboration of the testimony of the complaining witness was necessary and absent.

The testimony of the complaining witness, if credible, was conclusive of the commission of the crime. It was for the trial court to determine the credibility of her testimony and we cannot hold that it acted unreasonably in believing her. We said in *State v. Zimnaruk*, 128 Conn. 124, 126, 20 Atl. (2d) 613, that while, in such cases, the trial court should weigh the credibility of the complainant with care, it is not the law that corroboration is essential to the proof of guilt. The defendant asks us to reconsider our position in the matter. We added in that case that our ruling was in accord with the great weight of authority, citing cases in support thereof. No good reason has been pointed out for reversing our position. Crimes of this nature are not often committed in the presence of witnesses. The credibility of the testimony is peculiarly for the trial court in such a case and, with its opportunity to observe the witnesses on the stand, its conclusion rarely may be disturbed. We might add that regardless of the soundness of the rule there was ample corroboration of the testimony of the complaining witness in the instant case.

There is no error.