PEOPLE *v.* PLACIDO.

1. CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—EVIDENCE.
    On appeal from conviction of assault with intent to commit rape, evidence, though conflicting, was sufficient to sustain verdict of guilty.

2. SAME—REQUESTS TO CHARGE—INSTRUCTION.
    In criminal prosecution a trial judge who modifies the language of a pertinent request to charge so as to adapt it to the facts does not commit error where he sufficiently instructs the jury as to the law when charge is construed as a whole.

3. SAME—SELF INCRIMINATION.
    The privilege against self-incrimination applies only to prevent testimonial compulsion.

4. SAME—PHOTOGRAPHS OF BRUISES—SELF-INCRIMINATION.
    On appeal from conviction of assault with intent to commit the crime of rape, admission in evidence, over objection, of photo-

graphs taken of defendant's legs showing bruises of recent origin was not prejudicial error where defendant after arrest submitted to a physical examination and taking of such photographs without objection and no objection was made as to testimony of defendant's physical condition which he ascribed to other causes, such photographs not coming within the privilege against self-incrimination (Const. 1908, art. 2, § 16).

5. Same—Weight of Evidence—Number of Witnesses.
   In prosecution for assault with intent to commit the crime of rape the jury had the right to believe the complaining witness rather than defendant's six witnesses who sought to establish either that complainant was intoxicated at a beer garden or defendant's alibi since the weight of the testimony does not depend upon the number of witnesses.

6. Trial—Conflicting Testimony—Question for Jury.
   It becomes a jury question to determine who is telling the truth when different witnesses present conflicting testimony.

Appeal from Recorder's Court of the City of Detroit; Gordon (Arthur E.), J. Submitted December 1, 1944. (Docket No. 78, Calendar No. 42,673.) Decided January 2, 1945.

Clement Placido was convicted of assault with intent to commit rape. Affirmed.

*A. R. Facione,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *John W. Coury* and *Harold Helper,* Assistant Prosecuting Attorneys, for the people.

Butzel, J. Defendant, aged 22 years, was convicted by a jury of the crime of assault with intent to commit rape. The crime took place early in the morning of August 8, 1943. Complainant was a married woman 46 years of age. She visited a beer garden with her husband the previous evening. He repaired two electric fans and shortly after 1 a.m.

went home. He gave her permission to remain and visit with the wife of the proprietor of the garden. Complainant took five or six drinks of whiskey between 11 p.m. and 1:15 a.m. She acted as if she were semi-intoxicated, although able to dance and get about. She decided to join her husband immediately after he left but, on going out doors, she found he had gone home. She saw defendant and two other men all of whom she thought were soldiers. She told them that she was looking for her husband and they asked where she lived and evidently took her in their car. She testified that she became weak and unsteady, and that she was susceptible to fainting spells; that was all she could remember until she arrived somewhere on an unpaved road and the men were taking her out of the car. Her feet landed in a puddle of water which was ankle deep and the cold water revived her. The men tried to hold her and she broke away. She ran over some broken glass through a dump and fell in some bushes. She claims that the men attempted to make a criminal assault upon her and that she struggled against them. Defendant got on the ground in a position where he might have bruised himself but she succeeded in preventing him from having sexual relations with her. She found she was within a block of her home. She told her husband about the outrage. The police were immediately notified and defendant was arrested. Her clothing was partly torn off and her body was badly lacerated. We omit other details. Defendant admitted that he was at the beer garden during the late evening, claimed that he had left about midnight. He not only denied having had anything to do with plaintiff but also produced witnesses to establish an alibi. On cross-examination it was shown that he had been previously convicted of an attempted larceny of an

automobile and that he was violating his parole from the Michigan Reformatory by not being home after 11 p.m.

The testimony is very conflicting but it was sufficient to sustain the verdict of guilty. We cannot say, as claimed by defendant, it was against the great weight of the evidence.

Defendant requested the trial judge to instruct the jury:

"Where the testimony is directly conflicting and both versions, as given to you, cannot be true, and there is reasonable doubt as to which story is true, it is your duty to accept that version which is consistent with the innocence of the defendant."

This followed the wording of the instruction of *People* v. *Crofoot,* 254 Mich. 167. The judge did state:

"In other words,—if, after examining all of the testimony, you have a reasonable doubt as to which story is true, that is, the story told by Mrs. Kloc and the corroborating witnesses offered by the State, or the story told by Mr. Placido and the corroborating witnesses offered by him, then your duty is to bring in a verdict of not guilty, because you are not then convinced beyond a reasonable doubt."

The court had a right to modify the language of the request to charge so as to adapt it to the facts of the case. As stated in *People* v. *Collins,* 303 Mich. 34, no error is committed by failing to follow the wording of defendant's request to charge when a trial judge, using his own phraseology, sufficiently instructs the jury as to the law. The charge when read in its entirety was correct.

After defendant was arrested, he submitted to a physical examination by the police without any objection and a photograph was taken of his legs.

They showed bruises of recent origin. The testimony shows that defendant made no objection to the taking of the photographs, nor did he give any testimony that he objected. However, his attorney did object to the admission of the photographs but not to testimony in regard to defendant's physical condition. The photographs were admitted in evidence. Defendant relies on the majority opinion in *People* v. *Corder,* 244 Mich. 274, which referred to the physical examination of one without his consent. The more modern rule is that privilege against self-incrimination* applies only to prevent testimonial compulsion. See Rules 201, 205, Model Code of Evidence, American Law Institute. However, the question raised is neither important nor was the admission prejudicial against defendant in the instant case because no objection whatsoever was made to testimony in regard to defendant's bruised condition. Defendant admitted the physical appearance of his legs but ascribed the bruises to other causes. The prosecution thereupon attempted to show that defendant was not telling the truth as to these other causes.

Defendant produced six witnesses, four of whom appeared to be disinterested, to support his claims and prove either that complainant was intoxicated at the beer garden or else to support an alibi. The weight of the testimony does not depend upon the number of witnesses. *Buchel* v. *Williams,* 273 Mich. 132. The jury had the right to believe the complaining witness. It became a jury question to determine who was telling the truth. The judge properly instructed the jury that their verdict might be for a lesser crime if they so determined.

---

* See Const. 1908, art. 2, § 16.—REPORTER.

The evidence supports the verdict and we affirm the judgment of conviction.

STARR, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.