STATE OF CONNECTICUT *v.* STANLEY RYBCZYK

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued April 9—decided May 1, 1947

*Leo V. Gaffney* and *Elias T. Ringrose,* for the appellant (defendant).

*John P. Hodgson,* assistant state's attorney, with whom, on the brief, were *Hugh M. Alcorn, Jr.,* state's attorney, and *John S. Murtha,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant was found guilty of assault with actual violence with intent to commit rape in violation of § 6241 of the General Statutes and was sentenced to imprisonment. He has appealed. The sole question for determination is whether upon all the evidence the court could reasonably have reached this conclusion. *State* v. *Cots,* 126 Conn. 48, 53, 9 A.2d 138; *State* v. *Simborski,* 120 Conn. 624, 626, 182 A. 221; *State* v. *Frost,* 105 Conn. 326, 332, 135 A. 446.

On the afternoon of November 11, 1945, the defendant, at the suggestion of the complainant, who was married and living with her husband and two minor children in Plainville, had come to her home to give an estimate for doing a job as a plumber. He looked over the premises and then both sat in the kitchen talking. No one else was in the house except her three-year-old daughter. The gist of the complainant's testimony was that the defendant arose, came over to her, placed his hands upon her breasts and kissed her on the mouth; she resented this and, resisting, retreated to another room; he followed, took hold of her roughly and manhandled her in a manner clearly indicating his intent to have sexual relations with her by force; and as she struggled to get away he knocked her to the floor and then struck her in the face, rendering her unconscious. It further appeared that he then desisted without accomplishing his purpose and left the house. His testimony was as follows: He neither touched her nor made any improper advances of any kind; as he remained seated in the kitchen after she had gone upstairs to attend the child, he heard her fall down the stairs; he went there and found her lying at the foot of

the stairs; he tried to pick her up but she said, "Leave me alone"; he thereupon left the house and started in his truck to go for her mother, who lived a few blocks away.

It is undisputed that the complainant suffered certain physical injuries, but the testimony offered by the state that she suffered other injuries is challenged by the defendant. The question both as to the extent of the complainant's injuries and whether the defendant committed the assault which caused them was solely one of credibility. That is "peculiarly for the trial court in such a case and, with its opportunity to observe the witnesses on the stand, its conclusion rarely may be disturbed." *State* v. *Chuchelow,* 131 Conn. 82, 83, 37 A.2d 689. What we further said in that case also holds true here: "The testimony of the complaining witness, if credible, was conclusive of the commission of the crime. It was for the trial court to determine the credibility of her testimony and we cannot hold that it acted unreasonably in believing her." Furthermore, while corroboration in such cases is not essential to the proof of guilt (*State* v. *Zimnaruk,* 128 Conn. 124, 126, 20 A.2d 613), there was corroboration of the complainant's testimony in the instant case.

There is no error.