**UNITED STATES of America,**
**Appellee,**

**v.**

**Richard DICKERSON, Appellant.**

**No. 531, Docket 28870.**

United States Court of Appeals
Second Circuit.

Argued June 11, 1965.

Decided June 28, 1965.

Hugh C. Humphreys, Asst. U. S. Atty., (Robert M. Morgenthau, U. S. Atty., Michael W. Mitchell, Asst. U. S. Atty.), for appellee.

Paul M. Frank, New York City, (Anthony F. Marra, The Legal Aid Society), New York City, for appellant.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

WATERMAN, Circuit Judge:

Upon an indictment containing but one count, appellant was charged with having violated 21 U.S.C. §§ 173, 174, and was convicted after a short jury trial before Judge Weinfeld in the United States District Court for the Southern District of New York. We affirm the conviction.

The violation occurred on April 26, 1962 when, through the cooperative activity of one Verdier, an informer afflicted with tuberculosis who died in June 1962, defendant sold some fifteen grams of heroin hydrochloride to an agent of the Bureau of Narcotics. Appellant was arrested seventeen months after the sale, on September 20, 1963.

■ Appellant, who took the stand in his own defense, maintained at trial that he was not the seller, that his brother Charles was first listed by agents as the seller, and that this confusion on the government's part warranted his acquittal. The agent, however, positively identified appellant as the seller. The conflicting testimony as to this issue of identity was squarely presented to the jury whose province it was to decide it, see United States v. Kahaner, 317 F.2d 459, 467 (2 Cir.), cert. denied, Corallo v. United States, 375 U.S. 835, 836, 84 S. Ct. 62, 11 L.Ed.2d 65 (1963), and they chose to believe the agent.

■ Now, upon appeal, and for the first time, appellant maintains that his conviction should be set aside, because the seventeen-month delay prior to his arrest denied him his right to a speedy trial under the Sixth Amendment, and because, as the informer had died during that period, the delay was particularly prejudicial. An examination of the record convinces us that this claim, never raised below, is of no avail to appellant. The government testimony was to the effect that, during the period between the crime and the arrest, narcotics agents were attempting to complete their undercover investigation of appellant and his cohorts, first with the help of Verdier, and later through another informer. See United States v. Simmons, 338 F.2d 804, 806 (2 Cir. 1964).

■■ As a second ground for reversal, appellant complains that the trial judge erred under 18 U.S.C. § 3500 by failing to turn over, after he had examined the documents, seven memorandum reports by government agents who testified at trial. We have studied the reports and find no merit in this claim. Six of the reports were properly withheld from appellant because they bore no relation to the subject matter of the agents' direct testimony. See 18 U.S.C. § 3500 (b); United States v. Sten, 342 F.2d 491, 493–494 (2 Cir. 1965). The seventh report disclosed nothing which was not conceded by government witnesses at trial and by the prosecutor in his summation; its non-production, at worst, was harmless error. See Rosenberg v. United States, 360 U.S. 367, 370–371, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959); United States v. Sten, supra, 342 F.2d at 494.

Affirmed.