STATE OF CONNECTICUT *v.* LEROY JOHNSON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 3-6342

Argued March 13—decided May 19, 1967

446

*John F. Spain,* public defender, for the appellant (defendant).

*Rocco E. LaCava* and *Americo S. Ventura,* assistant prosecuting attorneys, for the appellee (state).

KOSICKI, J. The information charged the defendant with having committed the crime of aggravated assault (General Statutes § 53-16), and after a trial to the court he was found guilty and has appealed. The statute reads: "Any person who makes an assault upon another with any deadly or dangerous weapon shall be guilty of an aggravated assault . . ." and shall be punished. The sole error assigned is that the evidence was insufficient to sustain the court's conclusion of guilt beyond a reasonable doubt. On such a general assignment, we examine all the evidence to determine whether the court erred in its ultimate conclusion of guilt. Practice Book §§ 989 (6), 995; *State* v. *Mallette,* 153 Conn. 584, 585; *State* v. *Hodge,* 153 Conn. 564, 572; *State* v. *Palkimas,* 153 Conn. 555, 557; *State* v. *Pundy,* 147 Conn. 7, 8.

From the evidence, the exhibit, and the logical inferences flowing therefrom, the court could reasonably have found the following facts: The defendant and his wife were separated, and a hostile feeling existed between them. On October 2, 1966, the defendant's wife and two of her children were living at 2 Wildman Street in Danbury. Mrs. Reba Cummings, the defendant's mother-in-law, resided with them. At the time of the alleged incident, the defendant, his wife, their son, Leroy, Jr., age

three, Mrs. Cummings, and the defendant's brother, Robert, were present in the apartment. The defendant had entered about 4:30 p.m. in a belligerent and abusive mood. He started to argue with his wife in the front room and engaged in cursing and swearing. The defendant's wife then went into the kitchen to prepare food for the child and the defendant followed her, still cursing and behaving insolently. Those present in the kitchen were the defendant and his wife, their son, and Mrs. Cummings. The defendant's brother, Robert, was in another room watching television. In the course of the altercation, the defendant struck at his wife with a razor, but missed, and the blade cut his son's upper lip. The bleeding was observed immediately and the child taken to a hospital, where the wound was treated and closed with three sutures. The wife had run out to get a police officer on duty in the neighborhood. Meanwhile, the defendant left the premises and was later arrested on a written complaint signed by his wife.

The testimony was conflicting. The defendant's wife, testifying for the state, denied the factual account she had earlier given the police and which was essentially corroborative of the foregoing recital, largely based on her mother's testimony. This signed statement of the wife, the complaining witness, which was so flagrantly inconsistent with her testimony as given on the witness stand (she called the statement a lie), was offered by the state not in proof of the matters stated therein but only to affect the credibility of the witness. *Sears v. Curtis*, 147 Conn. 311, 316. Thus, the court could disregard any or all of her testimony. The court could also conclude that the testimony of the defendant's brother, Robert, was not worthy of credit because of his lack of opportunity to observe accurately what took place or because of his interest in

the outcome of his brother's case. It has been repeatedly held that the trial court is the final judge of credibility and may believe or disbelieve the testimony of a witness in whole or in part. *State* v. *Coulombe,* 143 Conn. 604, 607, 608. Numerical superiority of witnesses is not the criterion for the determination of the ultimate issue by the trier. *State* v. *Hodge,* 153 Conn. 564, 573. If the court accepted the testimony of Mrs. Cummings as true, there was ample evidence on which to find the defendant guilty of the charge of aggravated assault beyond a reasonable doubt.

Only one other essential element of the alleged crime needs to be considered and that is whether the weapon used was deadly or dangerous within the meaning of the statute. The court could readily find that a razor was a deadly or dangerous weapon in its adapted use. *State* v. *Costa,* 95 Conn. 140, 142, 145; see *State* v. *Litman,* 106 Conn. 345, 352. Even though the malicious assault was directed at the defendant's wife and not his son, this would not excuse or mitigate the crime. The actual victim was no less the direct physical object of the attack because the blow was intended for his mother, who stood beside him. *State* v. *Costa,* supra. "To constitute the crime, no specific intent is necessary other than that embraced in the act of making an assault with a dangerous weapon, that is, an intent to cause fear." *State* v. *Pallanck,* 146 Conn. 527, 531. Neither is it necessary for the state to produce any razor, knife or similar cutting instrument capable of inflicting the cut on the victim's lip. *State* v. *Hoyeson,* 154 Conn. 302, 306.

There is no error.

In this opinion PRUYN and JACOBS, Js., concurred.