STATE OF CONNECTICUT *v.* GEORGE FARRAH

HOUSE, COTTER, THIM, RYAN and SHAPIRO, Js.

Argued March 3—decided March 30, 1971

*Raymond W. Ganim,* with whom, on the brief, was *Alan Neigher,* for the appellant (defendant).

*George D. Stoughton,* chief assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

COTTER, J. The defendant was convicted on two counts, each charging the crime of obtaining money by false pretenses in violation of § 53-360 of the General Statutes. Error is assigned in the court's conclusion that on all the evidence the defendant was guilty of the crimes charged beyond a reasonable doubt and that the court erred "in concluding that the failure to do an act promised violated the provisions" of the statute under which he was charged. The intended meaning of the defendant's claim of error under the second assignment requires some

discussion but the ultimate issue is presented by his claim that he could not be found guilty of the crimes charged upon all of the evidence.

In considering the claim that the court below was in error in concluding that the defendant was guilty as charged beyond a reasonable doubt, we must decide whether on all the evidence the court could reasonably have reached the conclusion that the defendant was guilty of obtaining money by false pretenses. *State* v. *Davis,* 158 Conn. 341, 346, 260 A.2d 587.

There was evidence that the complaining witness, Rachel Pietrini, was advised by the defendant to invest funds in mortgage notes and that she gave him $4628.72 for which she received a note executed by the Fardorf Corporation, which the defendant led her to believe was a second mortgage note on certain property located on Prospect Avenue. The evidence further discloses that on January 12, 1967, Pietrini gave the defendant $1210 to apply toward the purchase of another note, and thereafter Pietrini gave him $3399.86 and received a second note in return, also from the Fardorf Corporation, which she thought was a mortgage note because the defendant had told her he would give her a second mortgage on another parcel of property located on Prospect Avenue. The Fardorf Corporation was a family corporation with the defendant as president and his wife and sister as vice-president and secretary respectively. There was additional evidence that no mortgage was executed nor did Pietrini ever receive any other documents although the defendant was familiar with mortgages, and the defendant also testified that he could not give her a valid mortgage on the two properties because of an impending foreclosure. Finally, the notes which the defendant

gave to Pietrini were admitted in evidence as full exhibits and each is entitled "Mortgage Note." The last paragraph of each note begins with the words: "This note is secured by a mortgage note." There was ample evidence to support the court's conclusion that the defendant was guilty on both counts beyond a reasonable doubt. The court concluded that the defendant twice obtained sums of money from Pietrini through false pretenses and devices and that he delivered to her in each instance a fraudulent document labeled a mortgage note which he led her to believe was a valid second mortgage on premises owned by him or his corporation; that no valid mortgage note or mortgage was given in either case; that no valid mortgage could have been given by the defendant or his corporation; that the statements made by the defendant were untrue and calculated to mislead and did mislead Pietrini; that the statements and representations made by the defendant related to an existing fact; that the statements and representations made by the defendant were not a promise to do something in the future; and that he intended to defraud his victim. These conclusions refute the claim of the defendant as stated in his second assignment of error if we adopt the precise language used therein. The brief of the defendant, however, indicates that the defendant meant to say that the state did not present "sufficient evidence for the court to conclude that the alleged pretense related to an existing or past fact." The assignments of error go to the root of the criminal charges and raise the issue whether any false pretenses were established beyond a reasonable doubt.

The statute under which the defendant was charged provides that "[a]ny person who, by false

token, pretense or device, obtains from another any valuable thing . . . with intent to defraud him or any other person . . . shall be fined . . . or imprisoned." General Statutes § 53-360. To support a conviction under the statute the evidence must be sufficient to establish the essential ingredients of the crime charged. In this case this would include the presence of the necessary elements: (1) That a false representation or statement of a past or existing fact was made by the accused; (2) that in making the representation he knew of its falsity; (3) that the accused intended to defraud or deceive; (4) that the party to whom the representation was made was in fact induced thereby to act to her injury; and (5) that the false representation or statement was the effective cause of the accused receiving something of value without compensation. *State* v. *Robington,* 137 Conn. 140, 142, 75 A.2d 394; *Bradley* v. *Oviatt,* 86 Conn. 63, 67, 84 A. 321; 35 C.J.S., False Pretenses, § 6; 32 Am. Jur. 2d, False Pretenses, § 12.

There was evidence from which the court could conclude that the representations made by the defendant and on which Pietrini relied related to an existing fact. The two notes received by Pietrini were not second mortgage notes and she never received mortgage deeds on the properties or any other documents in connection with the notes. The Fardorf Corporation, at the time the money for the two notes was given to the defendant, did own the properties on Prospect Avenue but both the defendant and his corporation were in serious financial difficulties and the property at 520 Prospect Avenue was encumbered by two mortgages and fifteen to twenty attachments. The other properties were likewise encumbered and the defendant was negotiat-

ing with all his creditors to avoid going into bankruptcy. The defendant, who had been in the real estate business since 1963, was not in a position to give Pietrini any security for the money loaned and he could not have given a valid second mortgage on either of the properties involved because of a pending foreclosure.

The court could reasonably have found from the evidence that Pietrini was in fact induced to rely and to act on the representations of the defendant to her injury. In addition to the evidence already related, there was testimony that she came to Hartford from Virginia to accept employment with a local doctor, and to supplement her income she made some inquiries in response to newspaper advertisements about investments in property in the Hartford area. As a result of the inquiries the defendant Farrah called on her and advised her not to purchase or invest in property but rather to invest in mortgage notes, which he told her was a much easier way to make money. It was reasonable to conclude that he led her to believe that she had received notes which were secured by mortgages, not simply that she would receive security at some time in the future.

The defendant claims that the evidence of the defendant's intent to defraud was wholly circumstantial in the case at bar and that as a consequence it must be sufficient to exclude every reasonable hypothesis save that of guilt in order to support conviction. In support of this argument he cites the testimony he gave in court in which he stated that he explained his financial difficulties to Pietrini, and that he would secure her with a mortgage later when title to the properties permitted. Merely because the defendant's testimony contradicts that of the complaining witness, we are not compelled

to accept the argument that the evidence was insufficient to prove guilt beyond a reasonable doubt. In *State* v. *Chuchelow,* 131 Conn. 82, 83, 37 A.2d 689, in affirming a judgment of guilty in a trial to the court, we held that "[t]he testimony of the complaining witness, if credible, was conclusive of the commission of the crime. It was for the trial court to determine the credibility of her testimony and we cannot hold that it acted unreasonably in believing her." See also *State* v. *White,* 155 Conn. 122, 123, 230 A.2d 18; *State* v. *Rybczyk,* 133 Conn. 598, 600, 53 A.2d 295. Intent to defraud, which is an essential element of the crime of obtaining money by false pretenses, is difficult to prove beyond a reasonable doubt by direct evidence. "Intent is a question of fact, the determination of which should stand unless the conclusion drawn by the trier is an unreasonable one. . . . A person's intention may be inferred from his conduct . . . and every person is conclusively presumed to intend the natural and necessary consequences of his acts." *State* v. *Smith,* 157 Conn. 351, 354, 254 A.2d 447. On the evidence presented the conclusion that the defendant intended to defraud the complaining witness was proper.

It is the further claim of the defendant that the critical element of misrepresentation under each count is absent. Misrepresentation may be present if one represents that he, or an institution in which he is interested, is solvent whereas in fact he or the institution is insolvent, and it is not necessary that the accused expressly state that he is solvent, if all his statements together would reasonably create a belief to that effect. *People* v. *Wieger,* 100 Cal. 352, 358, 34 P. 826; 32 Am. Jur. 2d, False Pretenses, § 27. A representation may be found to be false either expressly or by implication and may consist

in any act, word, symbol, or token calculated and intended to deceive. *People* v. *Mace,* 71 Cal. App. 10, 21, 234 P. 841; *State* v. *Larsen,* 76 Idaho 528, 531, 286 P.2d 646; 35 C.J.S., False Pretenses, § 17. It was reasonable to conclude that the writing on the notes, in addition to the other evidence, was calculated to deceive Pietrini into believing they were mortgage notes on the two properties on which the defendant could not give valid mortgages because of the other encumbrances and the financial condition of himself and the corporation.

There is no error.

In this opinion the other judges concurred.