STATE OF CONNECTICUT *v.* ANONYMOUS (1971–13)*

SUPERIOR COURT

GRILLO, J.  The defendant, arrested almost six months after he allegedly sold a narcotic drug to an undercover agent, contends that that delay violated his rights under the fourth, fifth, sixth and fourteenth amendments to the United States constitution.  It is clear that where the delay in arresting a defendant continues long after the evidence has been assembled, and is for the convenience of the state, a question of an unreasonable seizure or lack of a fair trial may arise. *State* v. *Hodge,* 153 Conn. 564, 567–68.  Furthermore, the guarantee of a speedy trial is designed to protect the defendant from the dangers inherent in a prosecution which has been negligently or arbitrarily delayed. *State* v. *Johnson,* 275 N.C. 264, 269.  Due process may be denied

---

* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90.

when a formal charge is delayed for an unreasonably oppressive and unjustifiable time after the offense, to the prejudice of the accused. *Nickens* v. *United States,* 323 F.2d 808, 810 n.2.

Lack of due process is, however, not present when it is shown clearly and convincingly that the delay is explainable and not deliberate, and where no undue prejudice attaches to the defendant. *People* v. *Hernandez,* 15 Mich. App. 141, 147. "There is no constitutional right to be arrested"; nor are police required to guess at their peril the precise moment they have probable cause to arrest a suspect. "Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction." *Hoffa* v. *United States,* 385 U.S. 293, 310.

It is the claim of the state that the defendant sold to an undercover agent a quantity of heroin. The heroin was delivered promptly to the state laboratory for analysis, and five months later the state laboratory made its report. A warrant for the arrest of the defendant was issued, and he was arrested.

In the five-month period, the state laboratory had for analysis samples in a total of 5085 cases. Of these, 3466 were drug cases. The drug cases required three tests for each sample. In many of the cases there was more than one sample to be analyzed. The samples were analyzed in the order of their receipt unless there was an unusual request that the case be handled out of order.

When the sale was made, the agent did not know the name of the defendant. He gave a description and certain other information to a detective. The detective checked various sources of information,

including the location of the sale, the motor vehicle department, and a restaurant which he thought the seller might frequent. The detective was unsuccessful in these efforts to identify the defendant. After the state laboratory made its report, the police received information that the defendant was the man they were looking for.

The court is of the opinion that the circumstances relative to the length of the delay and the reason for it have their basis in bona fide factors. There was no purposeful delay on the part of the state and no oppressive design or purpose motivating the delay. Nor did the defendant produce any evidence indicating prejudice to him resulting from the nearly six-month interval of time between the alleged sale and the arrest.

The motion is denied.