The defendant, after a trial to the court, was found guilty of all charges, larceny in the second degree in violation of General Statutes53a-123, evading responsibility in violation of General Statutes 14-224, and failure to drive in the proper lane in violation of General Statutes14-230. The pertinent portion of 53a-123[1] with which this case is concerned is the taking of a motor vehicle. The defendant concedes that if he does not prevail in the appeal of his conviction under 53a-123 he cannot prevail in his appeal of the two motor vehicle convictions, since his sole defense to all the charges was that he did not operate the car involved. *Page 651 
In considering the principal claim that the trial court erred in concluding that the defendant was guilty as charged beyond a reasonable doubt, it is necessary to determine whether on all the evidence the court could reasonably have reached the conclusion that the defendant was guilty of all violations. State v. Farrah, 161 Conn. 43, 45; State v. Davis, 158 Conn. 341, 346. That claim requires a review of all the evidence.
The evidence and the inferences which could reasonably and logically have been drawn by the court reveal that on October 20, 1974, at about 8:30 p.m., Walter Loteczka, owner of a 1966 Cadillac with registration number MN-7971, met the defendant on Franklin Avenue in Hartford. Together with Wesley Noga, Loteczka drove to Shannon's bar and parked his car in a Texaco station at Barry Square at approximately 9:30 p.m. At that point Loteczka got out of his car as did Wesley Noga. The defendant was left sitting in the front passenger seat. The keys were left in the automobile. Loteczka crossed the street toward Shannon's bar, and, as he reached the door of Shannon's bar, he turned around and saw his car being driven off. About thirty seconds had elapsed from the time Loteczka got out of his car until he saw his car being driven away. On seeing his car being driven off, Loteczka together with Wesley Noga and James Darby got into another car and followed the 1966 Cadillac through several streets but subsequently lost sight of it. At approximately the same time, a 1966 Cadillac with registration number MN-7971 collided with a parked vehicle on Julius Street. When the 1966 Cadillac was driven away from the Texaco station, the only individuals other than the defendant on that side of the street were Noga and Darby. While Loteczka could not testify to the distinct color of the driver's hair, he did testify *Page 652 
that it was the same color as the defendant's. Approximately a week later, the Cadillac was found on Redding Street, Hartford, with the keys in it and damage to the left front end. Redding Street is a ten to fifteen minute walk from Shannon's bar. After the chase, Loteczka and his friends went to a bar named Brandy's and subsequently returned to Shannon's at which time they met the defendant. At that point Loteczka approached the defendant and asked "Where's my car?" The defendant replied, "I don't have it." Then Loteczka said, "Come off it. I know you got in an accident," and the defendant replied, "How did you know?" The defendant then added, "I don't have your car and I don't know where it is." Between 10 p.m. and 10:20 p.m. Loteczka reported to the police that his car had been stolen. At no time did Loteczka give permission to the defendant to drive his car on October 20, 1974.
The evidence supports the court's conclusion that the defendant was guilty of larceny in the second degree beyond a reasonable doubt. The requirement that evidence must be such as satisfies beyond a reasonable doubt "does not mean that the proof must be beyond a possible doubt, and a possible supposition of innocence is a far different thing from a reasonable hypothesis." State v. Smith, 156 Conn. 378, 382, quoting from State v. McDonough, 129 Conn. 483, 485. In this case the facts that the defendant was left alone in the car with the keys in the car, that the car was seen being driven off within thirty seconds after the owner left, that the person driving the car had hair similar to that of the defendant, that the car was found a week later with damage to the front end about a ten to fifteen minute walk from the place of departure, and that the defendant was the only person in the vicinity of the car when it left the parking station, as well *Page 653 
as the inferences that the trier might draw from the conversation between the defendant and Loteczka, amply support a conviction. "While none of these facts taken singly is decisive on the issue of guilt, their cumulative effect was sufficient to permit the . . . [court] to find that the defendant's guilt had been proved beyond a reasonable doubt. There is no legal distinction between direct and circumstantial evidence so far as probative force is concerned." State v. Cari, 163 Conn. 174, 179; State v. McGinnis, 158 Conn. 124, 129.
the defendant also claims that the state failed to prove beyond a reasonable doubt that he had the felonious "intent to deprive" required by General Statutes 53a-119, wherein larceny is defined. "Intent is a question of fact, the determination of which should stand unless the conclusion drawn by the trier is an unreasonable one." State v. Smith, 157 Conn. 351, 354. General Statutes53a-118 (a)(3) in part defines "deprive" as "to dispose of the property in such manner or under such circumstances as to render it unlikely that an owner will recover such property." It was not unreasonable for the trier to conclude that it would be unlikely for the owner to recover an automobile left on a public street with the keys in it.
Although the evidence in this case supports the defendant's guilt on all charges beyond a reasonable doubt, we must note that the trial. court's conclusions are not consistent with its factual findings. It is the duty of the trial court, when asked to do so, to prepare a proper finding for the appeal. Johnson Electrical Co. v. State, 164 Conn. 346, 348. The practice of indiscriminately incorporating by reference the draft finding and counter finding, as was done in this case, will inevitably lead to inconsistencies and obviously should not be indulged in by a trial court. Clarity and specificity in the finding *Page 654 
are necessary to test the validity of the court's conclusions. Marshall v. Newington, 156 Conn. 107,110. In a criminal case, "[t]he correctness of these [inconsistent] conclusions, however, is immaterial if the conclusion that the defendant was guilty beyond a reasonable doubt . . . is supported by other valid grounds." State v. Van Keegan,142 Conn. 229, 234.
 There is no error.
In this opinion SPEZIALE and D. SHEA, Js., concurred.