STATE OF CONNECTICUT *v.* ANONYMOUS (1977–6)*

APPELLATE SESSION OF THE SUPERIOR COURT

---

* Thus entitled, in view of General Statutes § 54-90.

PARSKEY, J. The defendant was found guilty of being a youthful offender for having made an obscene gesture in violation of General Statutes § 53a-181. In his appeal the defendant assigns as error the court's conclusion that upon all the evidence he was guilty of the crime charged beyond a reasonable doubt.

The evidence supports the following facts: The defendant, a high school student, was being transported from the school to his home in a school bus. When the bus stopped at an intersection a police cruiser driven by a state trooper pulled up to the rear of the bus. The defendant wiped the condensation off the rear window of the bus and, upon seeing the trooper, waved a school chum over to him and then proceeded to make a gesture toward the trooper in which the middle finger of the defendant's right hand was held in an upright position with the palm of the hand toward the defendant. The trooper waited for the bus driver to turn off the flashing red lights, whereupon the officer turned on his siren, pulled the bus over to the side of the road, boarded the bus and arrested the defendant.

By stipulation the defendant was prosecuted under General Statutes § 53a-181 (a) (5)[1] which

---

[1] Section 53a-181 provides, in pertinent part, that: "(a) A person is guilty of breach of the peace when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: . . . (5) in a public place, uses abusive or obscene language or makes an obscene gesture . . . ."

deals with making an obscene gesture. The gesture made by the defendant is commonly referred to as "the finger."[2] The issue which is dispositive of this appeal is whether the use of "the finger" under the circumstances of this case constituted an obscene gesture.

To support a conviction under the statute the evidence must be sufficient to establish the essential elements of the crime charged. *State* v. *Farrah,* 161 Conn. 43, 47. In this case it is necessary that the state prove beyond a reasonable doubt that the gesture of the defendant was obscene.

It should be noted that the allegedly obscene gesture under discussion is not offensive nonverbal conduct but offensive expression. Without its opprobrious connotation, extending one's middle finger is a neutral act. It is unlike the type of nonverbal conduct, such as tearing up a draft card, which may be subject to governmental regulation. *United States* v. *O'Brien,* 391 U.S. 367, 376. It gains its significance only from the idea it expresses. As an expression it might be a vulgar epithet. When addressed to an ordinary citizen in a face-to-face confrontation it might be inherently likely to provoke violence. As an expression directed against a particular individual or group it might be beyond the pale of constitutionally protected speech. *Chaplinsky* v. *New Hampshire,* 315 U.S. 568, 571–72; see *Hess* v. *Indiana,* 414 U.S. 105, 107. It is not obscene, however. *Hess* v. *Indiana,* supra. To be obscene the expression must be, in a significant way, erotic. *Cohen* v. *California,* 403 U.S. 15, 20. It must appeal to the prurient interest in sex or portray sex in a patently offensive way. *Miller* v. *California,*

---

[2] The extended middle finger or *digitus impudicus* is a phallic symbol. Its use as a semiotic insult is of ancient origin. Diogenes is reported to have insulted Demosthenes with it. Bauml & Bauml, Dictionary of Gestures, 71.

413 U.S. 15, 24. It can hardly be said that the finger gesture is likely to arouse sexual desire. The more likely response is anger. Because the charge and the proof were limited to making an obscene gesture the defendant's conviction cannot stand.

There is error, the judgment is vacated and the case is remanded with direction to render judgment that the defendant is not guilty.

In this opinion D. SHEA and SPONZO, Js., concurred.