The defendant was found guilty by a jury of interfering with a police officer in violation of General Statutes 53a-167a (Rev. to 1975).[1] On this appeal the only issue raised is the sufficiency of the evidence to support the verdict. A motion to set aside the verdict was denied.
At the trial there was testimony which the jury could reasonably have accepted that the defendant became involved in an altercation with a police officer who had come to the scene in response to a complaint made by the defendant to the Milford police department about two persons claimed to be trespassing on a private road in front of his property. The defendant had parked his automobile behind the vehicle occupied by the claimed trespassers so that it could not depart until the police arrived. When the police officer arrived he told the defendant to move his car, which was blocking the other car. The officer testified that he was then greeted by abusive and profane language on the part of the defendant, who insisted that an arrest of the claimed trespassers be made and threatened to have the officer arrested if he did not arrest them immediately. The officer replied that he would have to take a statement from the defendant before making any arrest. The defendant became belligerent and pushed and shoved the officer, who then seized him and arrested him for breach of the peace in violation of General Statutes 53a-181 and also for interfering with an officer in the performance of his duties in violation of 53a-167a. The jury acquitted the defendant of the former charge.
The defendant claims that he could not reasonably have been found guilty of interfering with an officer *Page 550 
in the performance of his duties because his intention was merely to see to it that the officer performed his duty to arrest the claimed trespassers. Although the state has taken the position that 53a-167a requires no proof of intention, we have recently construed it "to apply only to actions which are intended to interfere with the performance of an officer's duty and to exclude any accidental or inadvertent interference." State v. Anonymous (1977-5), 34 Conn. Sup. 531.
We do not agree with the defendant, however, that the evidence in this case is insufficient to warrant the inference that he intended to interfere with the officer in the performance of his duties. The defendant assumes that the sole duty of the officer was to arrest the claimed trespassers in accordance with his demand. In fact, the officer was under a duty to ascertain the facts first to be sure that there was probable cause to make an arrest before taking that action. The evidence indicates that the officer was proceeding to carry out that responsibility in an orderly manner at the time the defendant became abusive and pushed him. Under the circumstances the jury could properly have concluded that this action of the defendant obstructed or hindered the officer in performing his duties. It is clear that the defendant's acts were not inadvertent and it is reasonable to assume that he intended the consequences of them. State v. Farrah, 161 Conn. 43,49; State v. Smith, 157 Conn. 351, 354.
 There is no error.
PARSKEY, D. SHEA and SPONZO, Js., participated in this decision.