STATE OF CONNECTICUT *v.* MICHAEL ZIMNARUK.

STATE OF CONNECTICUT *v.* PETER CHUCHELOW.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 7—decided June 6, 1941.

*Francis P. Guilfoile,* for the appellant (defendant Zimnaruk).

*Michael V. Blansfield* and *Harry M. Albert,* for the appellant (defendant Chuchelow).

*Walter W. Smyth,* assistant state's attorney, with whom, on the brief, was *William B. Fitzgerald,* state's attorney, for the appellee (the state).

BROWN, J.   In these cases, which were tried together, each defendant was charged with and convicted of committing the crime of indecent assault in violation of General Statutes, § 6052.  The court found that shortly after 1 a.m. on August 31, 1940, Zimnaruk, who was driving Chuchelow's car, brought it to a stop in an isolated spot at the side of a road in Wolcott. He thereupon made improper advances to Josephine Guarino, the twenty-two-year-old complainant who was sitting beside him, and attempted without success to force her to have sexual intercourse with him. He then twice compelled her by force to engage in an act of sexual perversion upon him.   During her struggles to resist, eleven buttons were torn from her dress, and she sustained a sprain of the left knee and bruises upon her lips and the inside of her cheek.   Chuchelow, who was alone in the back seat of the car, made no effort to assist the complainant, notwithstanding her requests to him to do so.   After Zimnaruk had assaulted her, Chuchelow got into the front seat and although the complainant resisted, forced her to engage in a similar act of sexual perversion upon him. The court concluded that the state had established

beyond a reasonable doubt that each of the defendants was guilty as charged. Both defendants assign this as error. Other assignments attacking the finding have been abandoned, since the evidence is not made a part of the record. The above facts, without resort to other supporting circumstances contained in the finding which it is unnecessary to recite, are sufficient to sustain the court's conclusion.

The defendants contend that the corroboration of the complainant's testimony essential to convict in cases of this kind is lacking, and that therefore the court was not warranted in its conclusion that they were guilty beyond a reasonable doubt. This court has held that corroboration by any other witness as to the fact of the carnal knowledge by the accused of a female child under the age of ten years, is unnecessary to conviction even upon that charge. *State* v. *Lattin,* 29 Conn. 389. This is in accord with the great weight of authority in such cases and in rape cases as well. See 7 Wigmore, Evidence (3d Ed.) § 2061; 52 C. J. 1099; *State* v. *Wassing,* 141 Minn. 106, 169 N. W. 485; *Commonwealth* v. *Bemis,* 242 Mass. 582, 586, 136 N. E. 597. While in view of the ease of accusation and difficulty of disproof in cases of this kind, in the absence of corroboration the court should adopt a cautious approach and weigh the credibility of the complainant with care, particularly if there are improbabilities suggested by her story or there is substantial controverting evidence, it is not the law that corroboration is essential to proof of guilt. The court did not err in concluding that the state had established the guilt of the defendants beyond a reasonable doubt.

The complainant testified as a witness for the state. It appeared that she had been questioned by the county detective in the presence of a stenographer who had taken notes and later transcribed them. The notes

and transcript were in court in the possession of the state. The defendants asked the court that the state's attorney be required to produce them for any effect they might have upon the credibility of the witness by reason of statements contradictory to her testimony. There was no evidence that any statements therein did contradict this testimony. The trial court refused to order their production even for the purpose of having them marked as an exhibit for identification and error is assigned in its rulings. Information disclosed to a state's attorney for the purpose of enabling him to perform the duties of the office is privileged upon grounds of public policy, and an adverse party has no right to demand its production. *State* v. *Phelps,* Kirby 282; *Worthington* v. *Scribner,* 109 Mass. 487, 488. The code of ethics of our bar states, however, that the primary duty of a prosecutor is not to convict but to see that justice is done. Practice Book, p. 13, § 6. He represents the people of the state whose concern is to see that impartial justice is done the guilty as well as the innocent. *State* v. *Ferrone,* 96 Conn. 160, 168, 113 Atl. 452. It is his duty to see that all evidence tending to aid in ascertaining the truth be laid before the court, whether or not it be consistent with the contention of the prosecution that the accused is guilty. *State* v. *Guilfoyle,* 109 Conn. 124, 134, 145 Atl. 761; *State* v. *Hogan,* 67 Conn. 581, 584, 35 Atl. 508. We cannot find error in the rulings of the trial court. But we point out that it is the duty of a state's attorney, confronted with such a situation, to carefully consider whether the production of such documents, at least for the inspection of and ascertainment by the court whether the contents tend to affect the credibility of the complainant, is not consonant with preserving the spirit of the privilege he has to hold as confidential information coming to him

as representative of the state, and with his duty to aid in securing justice. In offering them to the court as he did for this purpose the state's attorney acted with proper regard for the responsibility resting upon him.

There is no error.

In this opinion the other judges concurred.