IN RE ROBERT K.*
(5645)

BORDEN, DALY and O'CONNELL, Js.

*In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued October 9—decision released November 10, 1987

*Joseph B. Burns,* with whom was *Austin J. McGuigan,* for the appellant (respondent).

*John H. Kearney,* court advocate, for the appellee (state).

BORDEN, J. The juvenile respondent was found guilty of five counts of sexual assault in the first degree and two counts of sexual assault in the third degree, and was adjudicated to be delinquent. He appeals from the judgment of delinquency, claiming (1) that the evidence was insufficient to sustain a finding of guilt beyond a reasonable doubt, (2) that he was deprived of a fair trial because the evidence against him was tainted by the Ansonia police department's failure to comply with General Statutes § 17-38a, (3) that the trial court improperly restricted his cross-examination of the complaining witnesses, and (4) that the trial court erred in refusing to sequester the complaining witnesses while counsel argued to the court regarding the

allegedly improper restriction of cross-examination of those witnesses. We find no error.

The respondent was twelve years old when the state filed a thirty-five count petition against him, charging him with twenty-eight counts of sexual assault in the first degree in violation of General Statutes § 53a-70, two counts of sexual assault in the third degree in violation of General Statutes § 53a-72a, one count of assault in the third degree in violation of General Statutes § 53a-61, and four counts of larceny in the first degree in violation of General Statutes § 53a-122. The state subsequently amended its petition, dropping eighteen counts of sexual assault in the first degree and the assault charge. The court found the respondent guilty of five counts of sexual assault in the first degree and two counts of sexual assault in the third degree, and adjudicated him to be delinquent. These charges involved separate assaults upon two young girls, ages seven and eleven at the time of the assaults.

The state's evidence to prove the respondent's guilt was the testimony of the two female victims, then ages eight and twelve. There was also evidence that the two girls had been sexually abused by adults at some time prior to the assaults involved in the present case. The respondent was not connected with those adults, except that they were all from the same Ansonia neighborhood.

The respondent claims that the evidence was insufficient to convict him. His argument takes two forms. First, he contends that the court failed to apply the proper standard of proof when passing upon his motion for judgment of acquittal made at the close of the state's case. Second, he argues that because the only evidence of his guilt was the uncorroborated testimony of his two young victims, and because that testimony

was contradictory and controverted by other evidence, the evidence as a whole could not support a finding of guilt.

The respondent's claim that the court erred in denying his motion for judgment of acquittal must fail. "[U]nder our waiver rule, a defendant may not appeal the denial of a motion for judgment of acquittal brought at the close of the state's case-in-chief when he elects thereafter to introduce evidence in his own behalf. . . . [Our Supreme Court has] recently questioned the constitutional validity of the waiver rule. *State* v. *Rutan,* 194 Conn. 438, 440–44, 479 A.2d 1209 (1984); *State* v. *Duhan,* 194 Conn. 347, 351–52, 481 A.2d 48 (1984). In the present case, however, we need not decide whether the denial of a motion for judgment of acquittal at the close of the state's case-in-chief is assignable as error, because we find that the evidence was sufficient at that juncture." *State* v. *Lizzi,* 199 Conn. 462, 464–65, 508 A.2d 16 (1986). The respondent has failed to indicate how the state's proof fell short of the constitutional standard of proof of each element of the offenses charged beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 368, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Our review of the transcript shows no such deficiency.

The respondent's next claim of evidentiary insufficiency amounts to an attack on the credibility of the testimony of the victims of the sexual assaults. "Our standard of review of the conclusions of the trier of fact, whether it be a judge or a jury, is limited. *State* v. *Evans,* 203 Conn. 212, 238, 523 A.2d 1306 (1987). We construe the evidence in the light most favorable to sustaining the verdict or judgment, and we will confirm the conclusion of the trier of fact if it is reasonably supported by the evidence and the logical inferences drawn therefrom. *State* v. *Hanson,* 12 Conn. App. 32, 38, 529

A.2d 720 (1987)." *State* v. *Lo Sacco,* 12 Conn. App. 481, 483–84, 531 A.2d 184 (1987).

The evidence against the respondent consisted of the testimony of his victims. While the respondent notes that, since the repeal of General Statutes § 53a-68,[1] it is the law in this state that there is no requirement that each and every element of the crime of sexual assault be corroborated, he urges that, absent corroboration, the state be held to a higher burden of proof than when there is no corroboration. As a corollary to this argument, the respondent claims that, notwithstanding General Statutes § 54-86h,[2] corroboration is needed when the victim of a sexual assault is a young child. We reject this suggestion judicially to revive General Statutes § 53a-68, and to ignore the express language and intent of General Statutes § 54-86h. The latter statute makes clear that the weight to be given to the testimony of a child victim of a sexual assault "shall be for the determination of the trier of fact."

The respondent's reliance upon *State* v. *Zimnaruk,* 128 Conn. 124, 20 A.2d 613 (1941), lends no additional support to his claim of evidentiary insufficiency. In *Zimnaruk,* our Supreme Court noted that in sexual assault cases where corroboration of the victim's testimony is lacking, "the court should adopt a cautious

---

[1] Repealed in 1974, General Statutes (Rev. to 1972) § 53a-68 provided: "A person shall not be convicted of any offense under this part, or of an attempt to commit such offense, solely on the uncorroborated testimony of the alleged victim, except as hereinafter provided. Corroboration may be circumstantial. This section shall not apply to the offense of sexual contact in the third degree, nor to the offenses of prostitution, patronizing a prostitute, promoting prostitution or permitting prostitution."

[2] "[General Statutes] § 54-86h. COMPETENCY OF CHILD AS WITNESS. No witness shall be automatically adjudged incompetent to testify because of age and any child who is a victim of assault, sexual assault or abuse shall be competent to testify without prior qualification. The weight to be given the evidence and the credibility of the witness shall be for the determination of the trier of fact."

approach and weigh the credibility of the complainant with care, particularly if there are improbabilities suggested by her story or there is substantial controverting evidence . . . ." Id., 126. There is no suggestion in the record before us, however, that the court failed to weigh the credibility of the two complaining witnesses with the care required by *Zimnaruk*. Upon review of the evidence presented in this case as a whole, we cannot conclude, as the respondent urges, that the court "abused its discretion in affording too much weight to the testimony of the alleged victims." The court's finding of guilt beyond a reasonable doubt as to the seven charges of sexual assault is reasonably supported by the evidence.

The respondent's next claim of error is that he was deprived of a fair trial when the court relied upon the testimony of his young victims notwithstanding the fact that the Ansonia police officers who questioned these children failed to notify the department of children and youth services (DCYS) within the time frame set forth in General Statutes § 17-38a.[3] The respondent asserts that the officers' highly suggestive form of interrogation with these children and the failure to follow General Statutes § 17-38a tainted the statements made by the complainants. The respondent never claimed in the trial court, nor does he claim on appeal, that the alleged failure to follow General Statutes § 17-38a affected the admissibility of the evidence. His claim related only to the weight of the evidence.

---

[3] General Statutes § 17-38a is a child abuse reporting statute. It sets forth the procedures to be followed by designated professionals for the reporting of suspected child abuse to the appropriate state agencies and the time frame within which such reports must be made. In its application to police officials, § 17-38a requires that police officers, who suspect that a child has been abused, notify the commissioner of children and youth services or her representative in writing within seventy-two hours.

The purpose of General Statutes § 17-38a is to require the reporting of suspected child abuse to the appropriate state agency in a timely manner in order "[t]o protect children whose health and welfare may be adversely affected through injury and neglect; to strengthen the family and to make the home safe for children by enhancing the parental capacity for good care; [and] to provide a temporary or permanent nurturing and safe environment for children when necessary." General Statutes § 17-38a (a). This statute is intended to facilitate the protection of children and their removal from abusive situations. It is not a statute designed to preserve or protect evidence pertaining to such abuse. Nor does it bar police investigation prior to the initiation of a DCYS investigation of alleged abuse. Any failure to follow the statute's timely reporting provisions has no bearing on the weight to be accorded to the victim's testimony in court.

The respondent's argument with respect to the conduct of the police investigation, then, is an attack upon the credibility of the two witnesses against him. The evidence on this point was amply presented to and rejected by the court. We cannot conclude that the court abused its discretion in this regard.

The respondent also claims that the court erred in restricting his cross-examination of the complaining witnesses. This claim requires little discussion. When error is claimed in any evidentiary ruling, "the brief or appendix shall include . . . the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; the ruling; and any exception." Practice Book § 4065 (d) (3). The respondent's brief summary and citation to transcript pages

does not meet the requirements of this rule of practice. Accordingly, we decline to review this claim.[4]

The respondent's final claim of error is that the court erred in not sequestering the complaining witnesses, who were then testifying when counsel argued about the admissibility of evidence of their prior sexual conduct. This claim of error suffers from the same procedural defect which precludes review of the respondent's third claim of error. A limited review of this claim, undertaken, however, to assure that no injustice was done to the respondent, indicates that the respondent has failed to show any prejudice in the trial court's failure to sequester the witnesses during the argument of counsel. *State* v. *Sullivan,* 11 Conn. App. 80, 83–86, 525 A.2d 1353 (1987).

There is no error.

In this opinion the other judges concurred.

---

[4] We note, in addition, that examination of the two transcript references which respondent has provided shows additional reasons for our refusal to review this claim. In the first set of transcript pages to which we are directed, the respondent failed to take exception to the court's ruling, thus precluding our review. Practice Book § 288. The respondent has not argued for review of this claim under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), nor could he, as his claim is not of constitutional dimension. *State* v. *Franko,* 199 Conn. 481, 488, 508 A.2d 22 (1986). As to the other transcript pages to which our attention is directed, the court overruled the state's objection, and permitted the cross-examination in question.