[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF DECISION ON MOTION FOR PROTECTIVE ORDER (#115 #129)
This action was commenced by summons and complaint alleging false arrest, malicious prosecution, loss of a consulting business, defamation and slander against the defendants. The defendants Alcides Morales and Michael Baden are current members of the New Britain Police Department. The defendant Gary Chute, Sr. is a retired member of the New Britain Police Department.
The incidents surround a June, 1997, arrest regarding a double homicide which had occurred on May 14, 1994. The plaintiff, Juan Santiago was brought to trial in January, 1999, was convicted and sentenced to a term of 140 years on May 14, 1999. On January 29, 2002, the criminal case was reversed and remanded for a new trial.
In the present civil matter, the plaintiffs have served their first set of interrogatories and production requests. (Exhibit C). Interrogatory numbers 5, 6, 7, 8, 9, and 10 and production, requests 1, 2, 3, 4, 5, 7, and 10 request information, documentation and evidence which is to be used in the remanded criminal prosecution.
The defendants contend that by requesting the information mentioned in the above stated interrogatories and production requests the plaintiffs are attempting to circumvent the limitations on criminal discovery by conducting civil discovery. The defendants by motion dated July 11, 2002, have moved for a protective order with respect to the discovery requested by the plaintiffs asserting that the requested discovery is to be used in a pending criminal prosecution. The defendants have also asserted a claim of qualified law enforcement privilege as a basis for the protective order requested.
The information requested by the plaintiffs is protected by a qualified law enforcement privilege that the Supreme Court has long recognized.
CT Page 13998
"Information disclosed to a State's Attorney for the purpose of enabling him to perform the duties of the office is privileged upon grounds of public policy, and an adverse party has no right to demand its production." Seebeck v. State, 246 Conn. 514, 546 (1998). "The reason for this privilege is to aid the State's Attorney and the police in conducting investigations by encouraging people to disclose information without fear or embarrassment." Id., 546, quoting State v. Zimnaruk,128 Conn. 124, 127 (1941).
Clearly, information obtained by law enforcement officials and the State's Attorney is protected by the rules of criminal discovery. TO allow the defendants in the present civil action to circumvent these rules would be to undermine the integrity of the criminal process itself.
Lastly, the court has the authority to stay an action in its entirety if the interests of justice require it. "It is unequivocally a discretionary power of a tribunal to stay proceedings where there are parallel civil and criminal proceedings. The Constitution, therefore, does not ordinarily require a stay of civil proceedings, pending the outcome of criminal proceedings. Nevertheless, a court may decide in its discretion to stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action. . . . The court must make such determinations in the light of the particular circumstances of the case." Farricielli v.State, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 5386369 (January 8, 1997, McWeeny, J.), quoting Securities and Exchange Commission v. Dresser Industries, Inc.,628 F.2d 1368, 1375, cert. denied, 449 U.S. 993, 101 S.Ct. 529,66 L.Ed.2d 289 (1980). Furthermore, the court in Twenty First Century Corp.v. LaBianca, 801 F. Sup. 1007, 1010 (E.D.N.Y. Sept. 25, 1992), in determining when the interests of justice require a stay of action, listed a number of factors that should be balanced.[1] The court went on to say that "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." (Internal quotation marks omitted.) Id., quoting Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963).
The public interest in the integrity of the criminal process outweighs the harm that the plaintiffs may suffer from a delay of the discovery proceedings in the civil matter. For the foregoing reasons, the defendants' motion to stay discovery and to quash the deposition subpoenas is granted.
CT Page 13999
 BY THE COURT ___________________ Hennessey, J