******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* TRAVIS MONTANA
(AC 39720)

Alvord, Prescott and Lavery, Js.

*Syllabus*

Convicted of the crimes of sexual assault in the first degree and risk of injury to a child, the defendant appealed. *Held*:

1. The state presented sufficient evidence to support the defendant's conviction of sexual assault in the first degree and risk of injury to a child; the victim provided graphic testimony of the sexual assaults, which the jury was free to believe even if there were inconsistencies in that testimony, the jury reasonably could have found the defendant guilty of sexual assault on the basis of that testimony alone, which established the elements necessary to support the defendant's conviction of sexual assault in the first degree and risk of injury to a child, and it was not for this court to assess the credibility of the victim's testimony.

2. The trial court did not abuse its discretion in refusing to admit certain third-party culpability evidence proffered by the defendant, which concerned the victim's father: the nonhearsay evidence did not directly connect the victim's father to the alleged acts of sexual abuse with which the defendant was charged, as the evidence, if believed, merely established that the victim's father may have committed some other crime during a later time frame, and the fact that the victim's father might have had a motive and an opportunity to sexually assault the victim also did not establish a direct connection between the victim's father and the crimes at issue.

Argued October 25, 2017—officially released January 16, 2018

*Procedural History*

Substitute information charging the defendant with the crimes of sexual assault in the first degree and risk of injury to a child, brought to the Superior Court in the judicial district of Fairfield, geographical area number two, and tried to the jury before *Kavanewsky, J.*; thereafter, the court denied the defendant's motion to introduce certain evidence and granted the state's motion to preclude certain evidence; verdict and judgment of guilty, from which the defendant appealed. *Affirmed.*

*Jodi Zils Gagne*, for the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Ann P. Lawlor*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ALVORD, J. The defendant, Travis Montana, appeals from the judgment of conviction rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and risk of injury to a child in violation of General Statutes § 53-21 (a) (2).[1] On appeal, the defendant claims that (1) the evidence was insufficient to support his conviction and (2) the court abused its discretion in excluding third-party culpability evidence. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In 2012, the victim, J,[2] was living with her three biological siblings and her adoptive father in a small room at a motel in Bridgeport (motel). The room had two beds and two air mattresses. In January, 2012, when the victim was twelve years old, the defendant, who was a friend of the family, moved into the room at the motel with the victim and her family. At some point, the defendant began sharing a bed with the victim.

One night while the victim was sleeping, the defendant cut a hole in the victim's pajama pants and digitally penetrated the victim's vagina. On one other occasion, the defendant attempted to force the victim to perform fellatio. On additional occasions, the defendant forced the victim to engage in vaginal intercourse. The victim's father, who was ill and on medication, was "dead asleep" during the abuse. The last incident occurred on February 14, 2012. Shortly thereafter, the defendant moved out of the motel. After the defendant left the motel, the victim disclosed the abuse to her older sister and her father. The victim's father informed the victim's physician of the abuse during a physical examination. The physician contacted the Department of Children and Families (department), and the case was referred to the Bridgeport Police Department.

Following a jury trial, the jury returned a verdict finding the defendant guilty of sexual assault in the first degree and risk of injury to a child. The trial court rendered a judgment of conviction in accordance with the jury's verdict and sentenced the defendant to a total effective sentence of fifteen years incarceration, followed by ten years special parole. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the state presented insufficient evidence at trial to support his conviction of sexual assault in the first degree and risk of injury to a child. Specifically, the defendant asserts that the state's evidence was insufficient because of inconsistencies in the victim's testimony.[3] We disagree.

The standard of review that we apply to a claim of insufficient evidence is well established. "First, we con-

strue the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [trier's] verdict of guilty." (Internal quotation marks omitted.) *State* v. *Tine*, 137 Conn. App. 483, 487–88, 48 A.3d 722, cert. denied, 307 Conn. 919, 54 A.3d 562 (2012).

The defendant asserts that the state failed to establish his guilt beyond a reasonable doubt because "[t]here were simply too many inconsistencies" in the victim's testimony and because it was "not logical to believe that [the defendant] engaged in these acts and no one heard or saw anything at the time."[4] The defendant, essentially, is asking this court to assess the credibility of the victim's testimony and conclude that the state lacked sufficient evidence as a result of the victim's lack of credibility. This we may not do. "As a reviewing court, we may not retry the case or pass on the credibility of witnesses. . . . [W]e must defer to the [finder] of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor, and attitude. . . . Credibility determinations are the exclusive province of the . . . fact finder, which we refuse to disturb. . . . It is well settled . . . that [e]vidence is not insufficient . . . because it is conflicting or inconsistent. . . . Rather, the [finder of fact] [weighs] the conflicting evidence and . . . can decide what—all, none, or some—of a witness' testimony to accept or reject." (Citation omitted; internal quotation marks omitted.) *State* v. *Douglas F.*, 145 Conn. App. 238, 243–44, 73 A.3d 915, cert. denied, 310 Conn. 955, 81 A.3d 1181 (2013).

We conclude that the evidence at trial was sufficient to convict the defendant because the testimony of the victim established the elements necessary to support the defendant's conviction of sexual assault in the first degree and risk of injury to a child. The victim provided ample graphic testimony of the sexual assaults and it serves no useful purpose to recite her testimony in detail. See *State* v. *Gene C.*, 140 Conn. App. 241, 246, 57 A.3d 885, cert. denied, 308 Conn. 928, 64 A.3d 120 (2013). "The jury, as sole arbiter of credibility, was free to believe that testimony." Id. "[A] jury reasonably can find a defendant guilty of sexual assault on the basis of the victim's testimony alone." Id., 247.

## II

The defendant also claims that the court abused its discretion in denying his motion in limine to present third-party culpability evidence. We disagree.

The following additional facts are relevant. On September 14, 2015, the day before the trial began, defense counsel filed a motion in limine requesting a ruling on the admissibility of evidence regarding whether the victim's father touched her in a sexually inappropriate manner and whether the victim's father sent her sexually explicit text messages. The following day, the court permitted defense counsel to make an offer of proof outside the presence of the jury.

During the offer of proof, the victim testified to the following. Her father "touched" her in 2015, but he did not touch her in a sexually inappropriate manner before 2015, or while they were living at the motel. The victim's father sent her sexually explicit text messages in 2015, but he did not send her sexually explicit text messages when she was living at the motel. When the victim told her father and sister that the defendant had abused her, her sister had a "mental relapse" due in part to being sexually abused by their father. She told the victim to be careful of their father. In 2008, the victim's father told the family that he was pursuing a relationship with the victim's sister, but the victim did not know whether the relationship was sexual in nature. The victim did not have personal knowledge of either the relationship between her father and sister, or of her father sexually abusing her sister. The state objected to the admission of the proffered evidence.

The court denied the defendant's motion in limine and sustained the state's objection to the proffered evidence. The court determined that the victim's testimony regarding statements made by her father and sister were inadmissible hearsay. The court also concluded that there was no basis for connecting the victim's nonhearsay statements that her father touched her and sent her sexually explicit text messages in 2015, to the early 2012 incidents at the motel, and, thus, that the statements were not relevant. The court noted that the victim testified in the jury's presence that her father was taking medication and was, therefore, unaware of the sexual abuse at the motel. The court further determined that the evidence was more prejudicial than probative.

On appeal, the defendant argues that the proffered evidence supported his third-party culpability defense because the victim's father had a motive and the opportunity to commit the crimes.[5] He argues that because the victim's father inappropriately touched the victim in 2015, and had a relationship with the victim's older sister, "it would not be a stretch of the imagination to believe [that the victim's father] committed these acts at an earlier time as well . . . ." We do not agree.

"It is well established that a defendant has a right to introduce evidence that another person committed the offense with which the defendant is charged. . . . The defendant must, however, present evidence that

directly connects the third party to the crime. . . It is not enough . . . to show that another had the motive to commit the crime . . . nor is it enough to raise a bare suspicion that some other person may have committed the crime of which the defendant is accused. . . .

"The admissibility of evidence of third party culpability is governed by the rules relating to relevancy. . . . Relevancy is an evidentiary question, and [e]videntiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . In determining relevancy, [t]he court must determine whether the proffered evidence is corroborative or coincidental, whether it is probative or tends to obfuscate, and whether it clarifies or obscures. In arriving at its conclusion, the trial court is in the best position to view the evidence in the context of the entire case, and we will not intervene unless there is a clear abuse of the court's discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Baker*, 50 Conn. App. 268, 277–78, 718 A.2d 450, cert. denied, 247 Conn. 937, 722 A.2d 1216 (1998).

We conclude that the court did not abuse its discretion in refusing to admit the defendant's proffered third-party culpability evidence. The defendant failed to offer any evidence that directly connected the victim's father to the acts of sexual abuse that occurred at the motel. The nonhearsay evidence the defendant sought to introduce,[6] if believed, merely established that the victim's father engaged in factually dissimilar acts of misconduct against the victim three years after the incidents at the motel.[7] The victim testified during the offer of proof that her father did not send her sexually explicit text messages or touch her in a sexually inappropriate manner while they resided at the motel during the relevant time frame.[8] The victim also knew the defendant and clearly identified him as her assailant during her testimony on direct examination. She also testified on direct examination that her father was medicated while the abuse was occurring at the motel.

The proffered evidence creates a merely tenuous and speculative connection between the victim's father and the crimes at issue. It indicates that the victim's father may have committed some other crime during a later time frame, but does not establish a direct connection between the victim's father and the sexual abuse at the motel. The fact that the victim's father might have had a motive and an opportunity to sexually assault the victim at the motel does not establish a direct connection between the victim's father and the crimes at issue. "It is not enough to show that another had the motive to commit the crime . . . nor is it enough to raise a bare suspicion that some other person may have committed the crime of which the defendant is accused.

. . . Evidence that would raise only a bare suspicion that a third party, rather than the defendant, committed the charged offense would not be relevant to the jury's determination." (Citations omitted; internal quotation marks omitted.) *State* v. *Arroyo*, 284 Conn. 597, 609–10, 935 A.2d 975 (2007). Accordingly, we conclude that the court did not abuse its discretion by precluding the defendant from introducing third-party culpability evidence.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 53a-70 (a) (2) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ." General Statutes § 53-21 (a) (2) provides in relevant part: "Any person who . . . has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony . . . ."

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[3] The defendant also argues that the victim's father "had a propensity for committing this crime against his daughters" and the evidence was insufficient to convict the defendant because the jury was precluded from hearing third-party culpability evidence. The court ruled that the third-party culpability evidence proffered by the defendant was inadmissible. See part II of this opinion. We examine the defendant's sufficiency claim on the basis of the evidence admitted at trial and, accordingly, the court's evidentiary ruling excluding third-party culpability evidence has no bearing on our review of the sufficiency of the evidence. Our "sufficiency review does not require initial consideration of the merits of [the defendant's evidentiary claims] . . . . Claims of evidentiary insufficiency in criminal cases are always addressed independently of claims of evidentiary error." (Internal quotation marks omitted.) *State* v. *Coyne*, 118 Conn. App. 818, 826, 985 A.2d 1091 (2010).

[4] The defendant directs our attention to the following minor inconsistencies: the victim told an interviewer that she was wearing shorts during the initial sexual assault but stated at trial she had been wearing pajama pants; the victim did not mention that the defendant cut her pants with scissors during the initial sexual assault until trial; the victim stated to an interviewer that her father did not wake during the sexual assaults because he was on pain medication following surgery, but at trial the victim stated that her father had surgery after the sexual assaults had occurred and offered a different reason for her father having remained asleep. The defendant also argues it is illogical that: (1) the victim did not mention the sexual assaults to an employee of the department when the department became involved with her family for other reasons; and (2) the defendant committed the crimes due to the short period of time in which he resided at the motel.

[5] The defendant also argues that the court erred by failing to instruct the jury in accordance with his requested third-party culpability charge. "[A] trial court should instruct the jury in accordance with a party's request to charge [only] if the proposed instructions are reasonably supported by the evidence. . . . [T]he very standards governing the admissibility of third party culpability evidence also should serve as the standards governing a trial court's decision of whether to submit a requested third party culpability charge to the jury." (Citation omitted; internal quotation marks omitted.) *State* v. *Baltas*, 311 Conn. 786, 810, 91 A.3d 384 (2014). We conclude that the court did not err in declining to give a third-party culpability charge because no third-party culpability evidence was admitted at trial to support the charge.

[6] The defendant does not challenge the court's ruling that the statements by the victim's father and sister were inadmissible hearsay.

[7] "[T]he right of an accused to offer evidence of a person's character, past

criminal convictions or other prior bad acts, in support of a third party culpability defense, also is compelled by the right to present a defense guaranteed by the sixth amendment, and, as a general matter, its use should be limited only by the rules relating to relevancy and balancing. . . . [T]he policies underlying "§ 4-4 (a) [character evidence] and 4-5 (a) [prior misconduct evidence] of the Connecticut Code of Evidence have extremely limited applicability when the defendant offers evidence of a character trait or other crimes, wrongs or acts to prove that someone else committed the crime charged." *State* v. *Hedge*, 297 Conn. 621, 653, 1 A.3d 1051 (2010).

[8] The defendant further argues, for the first time on appeal, that (1) the victim could have named the defendant as the perpetrator "simply to cover up for her father's actions" and that the jury should determine whether the victim was being truthful when she stated during her proffered testimony that her father had not touched her while they were residing at the motel; and (2) he was prejudiced by the court's exclusion of the evidence because the jury "had no one else to choose for this crime." We reject the defendant's arguments. As we previously concluded, the court did not abuse its discretion in refusing to admit the proffered evidence.

————————————————