******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

STATE OF CONNECTICUT *v.* PRINCE A.*
(AC 41962)

Lavine, Bright and Devlin, Js.

*Syllabus*

Convicted of the crimes of sexual assault in the first degree, sexual assault in the fourth degree and risk of injury to a child, the defendant appealed to this court. The defendant's conviction stemmed from his alleged sexual abuse of the victim, his daughter, who did not report the assault until a few years later. On cross-examination of the victim, the defendant challenged her credibility and her delay in reporting the assault. After the state offered the testimony of A, a constancy of accusation witness, the defendant elicited on cross-examination of A that she believed that the victim had reported the assault contemporaneously, without delay. The defendant then moved to strike A's testimony on the ground that there was no justification for having a constancy of accusation witness testify when the witness testifies that there was no delay in the victim's reporting of the assault. The trial court denied the defendant's motion on the ground that, under the Supreme Court's modification of the constancy of accusation doctrine in *State* v. *Daniel W. E.* (322 Conn. 593), the state was permitted to present A's testimony because the defendant had challenged the victim's credibility and her delay in reporting the assault. On appeal, the defendant claimed that the trial court improperly admitted A's testimony to refute any negative inferences the jury might have drawn from the victim's delay in reporting the assault. *Held* that the trial court did not abuse its discretion in denying the defendant's motion to strike A's testimony, that court having properly applied the constancy of accusation doctrine as modified in *Daniel W. E.*; A's testimony was proper because the defendant undisputedly challenged the victim's credibility on cross-examination when he inquired about her delayed reporting, such delay was for the jury to consider in evaluating the weight to be given to the victim's testimony, it was the fact of the victim's having reported her complaint to A that was relevant, and any inaccuracy in A's belief as to the delay in reporting did not preclude the admission of A's testimony but, rather, went to A's credibility.

Argued January 9—officially released March 10, 2020

*Proceedings*

Substitute information charging the defendant with two counts of the crime of risk of injury to a child, and with one count each of the crimes of sexual assault in the first degree and sexual assault in the fourth degree, brought to the Superior Court in the judicial district of Hartford and tried to the jury before *D'Addabbo, J.*; thereafter, the court granted the defendant's motion for a judgment of acquittal as to one count of risk of injury to a child; verdict and judgment of guilty of one count of risk of injury to a child, and sexual assault in the first degree and sexual assault in the fourth degree, from which the defendant appealed to this court. *Affirmed.*

*John C. Drapp III*, assigned counsel, for the appellant (defendant).

*Melissa Patterson*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *John F. Fahey*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DEVLIN, J. The defendant, Prince A., appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), sexual assault in the fourth degree in violation of General Statutes (Rev. to 2009) § 53a-73a (a) (1) (A) and risk of injury to a child in violation of General Statutes § 53-21 (a) (2). On appeal, the defendant claims that the trial court improperly admitted testimony of a constancy of accusation witness to refute any negative inferences the jury might have drawn from the victim's delay in reporting the sexual assault because that witness mistakenly believed that there had been no delay.[1] We affirm the judgment of the trial court.

The jury reasonably could have found the following relevant facts. The victim is the defendant's daughter. In 2010 or 2011, when the victim was either ten or eleven years old, the defendant sexually assaulted the victim while they were alone in his apartment. Initially, the victim did not report the assault because she felt uncomfortable and scared. A few years later, in 2013, the victim told a friend at school about the assault. Shortly thereafter, the victim met with Iris Adgers, a behavior technician at the victim's school, and described the assault. Following this meeting, the Hartford Police Department was notified of the assault and investigated the defendant.

The following procedural history also is relevant to this appeal. On November 13, 2017, the state charged the defendant with sexual assault in the first degree, sexual assault in the fourth degree, and two counts of risk of injury to a child, one count under § 53-21 (a) (1) and one count under § 53-21 (a) (2). Trial commenced on November 27, 2017.

During trial, the jury heard testimony from the victim. When the defendant's trial counsel, William Gerace, cross-examined the victim, he challenged her credibility and her delay in reporting the assault. Following the victim's testimony, the state offered Adgers as a constancy of accusation witness whose testimony, as the court later explained in a limiting instruction to the jury, was offered solely "to negate any inference that [the victim] failed to tell anyone about the sexual offense and, therefore, that [the victim's] later assertion could not be believed. . . . Constancy evidence is not evidence that the sexual offense actually occurred or that [the victim] is credible. It merely serves to negate any inference that because of [the victim's] assumed silence the offense did not occur." Adgers offered brief testimony confirming that the victim had reported the sexual assault to Adgers. Immediately following the state's direct examination of Adgers, the court gave a limiting instruction to the jury regarding constancy of

accusation testimony. On cross-examination, Adgers testified that, as far as she knew, the victim had reported the assault contemporaneously, without delay.[2] Following Adgers' testimony, Gerace moved to strike her testimony, arguing that there was no justification for having a constancy of accusation witness testify when that witness testifies that there was no delay in the victim's reporting of the assault. The court denied the motion, noting that because the defendant had challenged the victim's credibility and her delay in reporting the assault, the state was permitted to present constancy testimony.

Following three days of evidence, the case was submitted to the jury. During its final charge to the jury, the court again offered a limiting instruction regarding Adgers' testimony. After deliberating, the jury found the defendant guilty of sexual assault in the first degree, sexual assault in the fourth degree, and one count of risk of injury to a child in violation of § 53-21 (a) (2).[3] The court then sentenced the defendant to serve a total effective term of seventeen years of imprisonment, followed by three years of special parole. This appeal followed.

Before turning to the claim on appeal, we set forth the applicable law governing the constancy of accusation doctrine and our scope and standard of review. The constancy of accusation "doctrine traces its roots to the fresh complaint rule . . . [t]he narrow purpose of [which] . . . was to negate any inference that because the victim had failed to tell anyone that she had been [sexually assaulted], her later assertion of [sexual assault] could not be believed. . . . [B]ecause juries were allowed—sometimes even instructed—to draw negative inferences from the woman's failure to complain after an assault . . . the doctrine of fresh complaint evolved as a means of counterbalancing these negative inferences. Used in this way, the fresh complaint doctrine allowed the prosecutor to introduce, during the case-in-chief, evidence that the victim had complained soon after the [sexual assault]. Its use thereby forestalled the inference that the victim's silence was inconsistent with her present formal complaint of [assault]. . . . In other words, evidence admitted under this doctrine effectively served as anticipatory rebuttal, in that the doctrine often permitted the prosecutor to bolster the credibility of the victim before her credibility had first been attacked. . . . The fresh complaint doctrine thus constituted a rare exception to the common-law rule that prohibited rehabilitative evidence in the absence of an attack on the [witness'] credibility." (Citations omitted; internal quotation marks omitted.) *State* v. *Daniel W. E.*, 322 Conn. 593, 618–19, 142 A.3d 265 (2016).

Presently, the constancy of accusation doctrine, as modified by our Supreme Court in *Daniel W. E.*, per-

mits "the victim in a sexual assault case . . . to testify on direct examination regarding the facts of the sexual assault and the identity of the person or persons to whom the incident was reported. . . . Thereafter, if defense counsel challenges the victim's credibility by inquiring, for example, on cross-examination as to any out-of-court complaints or delayed reporting, the state will be permitted to call constancy of accusation witnesses subject to [certain] limitations . . . . If defense counsel does not challenge the victim's credibility in any fashion on these points, the trial court shall not permit the state to introduce constancy testimony but, rather, shall instruct the jury that there are many reasons why sexual assault victims may delay in officially reporting the offense, and, to the extent the victim delayed in reporting the offense, the delay should not be considered by the jury in evaluating the victim's credibility."[4] (Citation omitted; internal quotation marks omitted.) Id., 629. A constancy of accusation witness is limited to testifying "only with respect to the fact and timing of the victim's complaint; any testimony by the witness regarding the details surrounding the assault must be strictly limited to those necessary to associate the victim's complaint with the pending charge, including, for example, the time and place of the attack or the identity of the alleged perpetrator." (Internal quotation marks omitted.) Id., 620.

"[W]hether evidence is admissible under the constancy of accusation doctrine is an evidentiary question that will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . An appellate court will make every reasonable presumption in favor of upholding the trial court's evidentiary rulings. . . . To the extent that the evidentiary ruling in question is challenged as an improper interpretation of a rule of evidence, our review is plenary." (Citation omitted; internal quotation marks omitted.) *State* v. *Gene C.*, 140 Conn. App. 241, 247–48, 57 A.3d 885, cert. denied, 308 Conn. 928, 64 A.3d 120 (2013).

The defendant's claim on appeal is that the trial court abused its discretion by admitting Adgers' testimony under the constancy of accusation doctrine because she believed that the victim had not delayed in reporting the sexual assault. We disagree.

The defendant's claim is premised on an inaccurate reading of *Daniel W. E.* In *Daniel W. E.*, our Supreme Court established that the *only* prerequisite for the introduction of constancy testimony is the "defense counsel challeng[ing] the victim's credibility by inquiring, for example, on cross-examination as to any out-of-court complaints or delayed reporting . . . ." *State* v. *Daniel W. E.*, supra, 322 Conn. 629. It is undisputed that Gerace, in fact, did challenge the credibility of the victim and her delay in her reporting. Such delay is a

matter for the jury to consider in evaluating the weight to be given to the victim's testimony. See id. As to constancy of accusation witnesses, it is the fact of the victim's complaint to them that is relevant. See id., 622. Any inaccuracy in the constancy witness' belief as to the delay in reporting does not preclude the admission of such testimony but, rather, goes to that witness' credibility.

We therefore conclude that the trial court properly applied the constancy of accusation doctrine and did not abuse its discretion in denying the defendant's motion to strike Adgers' testimony.

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom victim's identity may be ascertained. See General Statutes § 54-86e.

[1] On appeal, the defendant additionally claims that the trial court should not have admitted portions of the testimony of the constancy of accusation witness that were irrelevant and cumulative. The state argues, and the defendant conceded at oral argument before this court, that these claims were not presented to the trial court and, thus, were unpreserved for appeal. Accordingly, we decline to review these unpreserved evidentiary claims. See *State* v. *Artiaco*, 181 Conn. App. 406, 412, 186 A.3d 789, cert. granted on other grounds, 329 Conn. 906, 185 A.3d 594 (2018); id., 411 ("Appellate review of evidentiary rulings is ordinarily limited to the specific legal [ground] raised by the objection of trial counsel. . . . To permit a party to raise a different ground on appeal than [that] raised during trial would amount to trial by ambuscade, unfair both to the trial court and to the opposing party." (Internal quotation marks omitted.)).

[2] Adgers also testified on cross-examination that she would not have been surprised if she were mistaken and that the assault had occurred years earlier.

[3] After the close of evidence, the court granted the defendant's motion for a judgment of acquittal as to the second count of risk of injury to a child in violation of § 53-21 (a) (1).

[4] Following *Daniel W. E.*, § 6-11 of the Connecticut Code of Evidence was revised to reflect our Supreme Court's modification of the constancy of accusation doctrine. Section 6-11 (c) of the Connecticut Code of Evidence presently provides in relevant part: "(1) If the defense impeaches the credibility of a sexual assault complainant regarding any out-of-court complaints or delayed reporting of the alleged sexual assault, the state shall be permitted to call constancy of accusation witnesses. . . .

"(2) if the complainant's credibility is not impeached by the defense regarding any out-of-court complaints or delayed reporting of the alleged sexual assault, constancy of accusation testimony shall not be permitted, but, rather, the trial court shall provide appropriate instructions to the jury regarding delayed reporting."

The revision to § 6-11 of the Connecticut Code of Evidence did not go into effect until February 1, 2018, whereas the trial concluded in the present case on November 30, 2017. Nonetheless, the Supreme Court released its decision in *Daniel W. E.* on August 23, 2016, prior to the commencement of the evidentiary portion of the present trial, and, thus, the modified constancy of accusation doctrine applied to the present case. See *State* v. *Daniel W. E.*, supra, 322 Conn. 630.